Northern Metal Company, Appellant, *v.* Workmen's Compensation Appeal Board and James Young, Appellees.

Argued December 6, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Walter J. Timby, Jr.,* with him, of counsel, *LaBrum and Doak,* for appellant.

*Robert A. Korn,* with him, of counsel, *Kahn, Bushman, Rosenberg & Weisberg,* for appellees.

OPINION BY JUDGE BLATT, June 3, 1974:

James Young was injured on December 20, 1967, while in the course of his employment with the Northern Metal Company (Northern Metal). A compensation agreement was entered into between Young and

Northern Metal providing for payment of total disability compensation at the rate of $52.50 per week based on a fixed weekly income of $98.00. On January 26, 1970, Young was rehired by Northern Metal as a metal stripper (this was a sedentary job, in contrast to his previous work as a burner which had involved heavy manual labor) and he was paid full wages until April 26, 1970. Compensation was paid from then until May 9, 1970, but was thereafter discontinued.

Upon Young's petition for review of the compensation agreement, heard together with Northern Metal's termination petition, a referee reinstated compensation beginning May 10, 1970, finding in part as follows:

"2. [C]laimant was rehired by the defendant, was paid in full wages and continued to be paid up to bur (sic) not including April 26, 1970 when, because of claimant's inability to do any work, he was laid off.

"5. Claimant, because of his injury, coupled with his lack of training and educational background, is a non-descript in the labor market and thus is totally disabled and has been at all times since the accident.

"6. Although defendant indicated that it had a job open in its business that would fit claimant's ability to perform, *no offer to hire* claimant to do such work has ever been made to claimant." (Emphasis added.) The Workmen's Compensation Appeal Board (Board) affirmed the referee but, without taking any additional evidence, concluded that the employer did not prove that a job was available.[1]

---

[1] We note in the record an order by the Board remanding the case to the referee "for any hearings necessary to provide testimony in substitution for the testimony that is missing in the record." The record does not indicate, however, whether or not this order was followed nor whether or not the record as it stands is lacking in any testimony necessary to determine the supportive evidence for a particular finding.

We must, therefore, remand. The referee's Finding No. 6 was clearly in error, and the Board was likewise in error in relying and, indeed, in enlarging upon that finding.

As we have previously made clear, an employer in a case of this kind need only show the availability of work, not the existence of an actual offer of employment and he will thereby meet his burden. *Jessop Steel Company v. Workmen's Compensation Appeal Board and Miller,* 10 Pa. Commonwealth Ct. 186, 309 A. 2d 86 (1973). And, of course, if suitable work was available to Young, a finding of total disability would have been improper. We have also made clear that it is the duty of the referee to serve as the fact-finder and to make the crucial factual determinations which in this case included a determination as to whether or not a job was available to Young. The Board here, not having taken additional testimony, erred either by making its own factual determination on this matter or by relying on an unspecific finding of the referee which was itself based on an error of law. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). As an appellate court, of course, we cannot properly review this appeal without a clear finding on the question of job availability. *Freedman v. Crown Paper Board Company,* 9 Pa. Commonwealth Ct. 260, 307 A. 2d 466 (1973); *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973). And, as previously indicated, we cannot deduce from the referee's findings here whether a job was available to Young or not.

It is true, of course, that Finding No. 2 indicates that, "because of claimant's inability to do any work, he was laid off." It is unclear, however, whether this means that the claimant's condition prevented him from doing *any* work or that no work was available for him to do. The former interpretation is not supported by

competent evidence either in the medical testimony or in the assertions made by Young. The credibility of the latter might be said to be determined by Finding No. 6, but, as we have indicated, we cannot base our conclusion on an examination of this finding because it is so poorly drawn and it is itself based on an error of law. Moreover, if Finding No. 2 means that the claimant, because of his condition, was unable to do the work required in that particular job, such work would be unsuitable for him and, therefore, should not be considered as available for him. The obvious variety of possible interpretations emphasizes the unsuitability of these findings.

We recognize, as did the Board, that once the claimant has proved that because of his injury he is unable to do his previous work the employer then has the burden of proving that other work is available to him which he is capable of obtaining. *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968); *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967); *United States Steel Corporation v. Workmen's Compensation Appeal Board and Muniz*, 10 Pa. Commonwealth Ct. 67, 308 A. 2d 200 (1973). Yet, it is not clear in Finding No. 6 whether the referee believed Northern Metal's representative in his assertion that a job was available to Young or not. And it is not the duty of this court to guess what facts the referee has found and the Board has approved.

For the above reasons, therefore, we issue the following

## ORDER

Now, June 3, 1974, the record in this case is remanded to the Workmen's Compensation Appeal Board who shall direct that a proper adjudication be entered by a referee in which there shall appear the necessary and proper findings of fact and conclusions of law,

or, in the alternative, shall itself hear additional testimony and thereafter enter a proper adjudication, pursuant to Section 423 of the Pennsylvania Workmen's Compensation Act, 77 P.S. §854.