Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Joseph Labutis *v.* Universal Cyclops Specialty Steel Division of Cyclops Corporation, Appellant.

Argued May 9, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Harold V. Fergus, Jr.*, with him *Fergus, Martin and Fergus,* for appellant.

*Alexander J. Pentecost*, with him *James N. Diefenderfer,* for appellees.

Opinion by Judge CRUMLISH, JR., July 15, 1975:

This is a direct administrative appeal from an order of the Workmen's Compensation Appeal Board affirming a referee's decision setting aside a final receipt executed by claimant, Joseph Labutis, and reinstating total disability payments to claimant under a supplemental compensation agreement.

Claimant suffered an accident in the course of his employment with Appellant on April 1, 1968 when he slipped into a pit and injured his back. The parties thereafter entered into a compensation agreement and supplemental agreements for total disability payments for various periods throughout 1968. On January 9, 1969, claimant executed a final receipt. Claimant was hospitalized in May of 1969 for a laminectomy and spinal fusion. Alleging total disability as a result of this operation which, in turn, was causally related to the April 1968 accident, claimant filed a claim petition in July of 1969 which was subsequently amended to a petition to set aside a final receipt. On April 12, 1974 the referee granted the petition and reinstated compensation as of May 11, 1969, and on appeal, the Board affirmed. We similarly affirm.

In an action to set aside a final receipt under Section 434 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001 (Supp. 1974-1975), the burden is upon the claimant to prove conclusively that all disability attributable to the prior accident has not, in fact, terminated. Where, as here, the referee has found in favor of the party with the burden of proof and the Board has not taken additional evidence, our review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary findings of fact made by the referee were unsupported by substantial competent evidence. *Universal Cyclops v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 375, 320 A. 2d 449 (1974).

Appellant initially contends that claimant's medical testimony was not sufficiently unequivocal to establish the necessary causal relationship between his accident in April 1968 and his present total disability occurring after his hospitalization in May of 1969. We disagree. Dr. John A. Perri, an orthopedic surgeon and claimant's attending physician, testified that claimant suffered from degenerative arthritis at levels L-4 and L-5 dating back to at least 1965 when two discs were surgically removed; that the injury sustained in 1968 was the precipitating and aggravating factor which necessitated further surgery on this pre-existing condition; and that the May 1969 surgery—a laminectomy and spinal fusion at L-4 and L-5 and L-5 to S-1—resulted in his total disability. Appellant argues that this testimony was rendered equivocal by the doctor's frank answers on cross-examination that he could not say whether or not claimant would be in the same condition were it not for the accident. We agree with the Board that this response to a highly speculative and hypothetical question was irrelevant in light of this witness's positive testimony that the 1968 accident did, in fact, aggravate and precipitate a pre-existing degenerative condition, and that the injury thus sustained necessitated the May 1969 surgery. Since the 1968 accident is not disputed, the injury resulting therefrom is compensable though in part attributable to a pre-existing condition. See *Stump v. Follmer Trucking Co.*, 448 Pa. 313, 292 A. 2d 294 (1972) ; *Czankner v. Sky Top Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 308 A. 2d 220 (1973).

Finally, appellant argues that the referee erred in finding claimant totally disabled after it had presented evidence of the availability of light work for which claimant was physically qualified. Because claimant's physician testified that his disability precluded a continuation in his prior job as a welder, the burden of proof was on appellant to establish that other positions for which claimant was qualified were available to him. *Barrett v.*

*Otis Elevator Co.*, 431 Pa. 446, 246 A. 2d 668 (1968); *Northern Metal Co. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 283, 320 A. 2d 453 (1974). The employer need not prove an actual job offer, only that jobs within a claimant's physical capacity and qualifications are available within the relevant labor market. *Don-Mark Realty Co. v. Milovec*, 11 Pa. Commonwealth Ct. 448, 314 A. 2d 349 (1974); *Matrunics v. Ruffsdale Coal Company, Inc.*, 6 Pa. Commonwealth Ct. 420, 295 A. 2d 629 (1972).

Appellant presented an employment specialist who testified that there were five watchman's jobs available, a position which claimant's physician had previously stated claimant was capable of performing. One such job was described as a "fire watch" at a construction site, allegedly involving limited climbing or lifting. Dr. Perri, however, qualified his opinion by the observation that he would have to review the specific duties of each watchman position before recommending claimant for it. The claimant, in turn, testified that because of his back condition he cannot stand for more than a half-hour or walk more than fifty yards, and even after this limited activity he must lie down for two hours. It is apparent to us that the referee accepted this evidence in finding that appellant had failed to prove that claimant was physically able to work as a watchman, and it is clearly sufficient to rebut appellant's evidence of the availability of such jobs.

Consistent with the foregoing, we enter the following

## ORDER

AND NOW, July 15, 1975, the appeal of Universal Cyclops Specialty Steel Division of Cyclops Corporation is dismissed; and said Appellant and/or Pennsylvania Manufacturers' Association Insurance Company are directed to pay Joseph Labutis total disability compensation at the rate of $60.00 per week beginning May 11, 1969 into the indefinite future, together with interest at the rate of 6% per annum on all deferred payments, all within the limits of the Pennsylvania Workmen's Com-

pensation Act. Said defendants are further ordered to pay Aetna Casualty and Surety Company, as subrogation, the sum of $2,497.72; and to pay Alexander J. Pentecost, Esq., attorney for Joseph Labutis, a sum equal to 10% of all past and future compensation becoming due claimant on or after May 11, 1969 as attorney's fees.