Parkview Hospital, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and John P. McDevitt, Appellees.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*David L. White,* with him *John F. McElvenny,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, July 31, 1975:

This is an appeal by Parkview Hospital and the Pennsylvania Manufacturers' Association Insurance Company from a decision of the Workmen's Compensation Appeal Board, which awarded compensation for total disability to John P. McDevitt. The issue in this case is whether the Hospital proved that McDevitt is capable of doing light work of a general nature. We conclude that it did not and, therefore, affirm.

McDevitt was employed by the Hospital as a maintenance man when he injured his back in a work-related accident on August 23, 1969. On October 15, 1969, McDevitt filed a claim petition, and, following several hear-

ings, a referee issued a decision, dated July 31, 1973, which contained the following pertinent findings of fact:

"1. That on August 23, 1969, the claimant was engaged in the employ of the defendant as a maintenance man at a salary of $107.10 per week.

. . . .

"4. That on the aforesaid day, while in the course of his employment with the defendant, the claimant was tilting a 50 gallon drum filled with chemicals to pour some of the contents into a jar when the drum slipped and fell, causing claimant to twist and fall, resulting in a right ilio-lumbar ligamentous sprain and aggravating a prior back injury.

"5. That as a result of this occurrence, the claimant became totally disabled as of August 25, 1969, and continued to remain so disabled up to the time of the hearing and may continue into the future for an indefinite period."

Based upon these findings, the referee awarded McDevitt compensation for total disability. The Hospital appealed to the Board, which affirmed the referee's decision.

The Hospital contends that the Board erred as a matter of law in awarding compensation for total disability because the Hospital proved by unrebutted testimoney that there was work available which McDevitt was physically and mentally capable of performing. *See Don-Mark Realty Company v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974). *See also Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968) and *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967).

In a case such as this, where the party with the burden of proof has prevailed below, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or whether any necessary finding of fact was not supported by substantial evidence. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974).

The Hospital contends that this case should be controlled by our decision in *Don-Mark, supra.* We do not agree. *Don-Mark* stands for the principle that a claimant may not recover compensation for total disability if his employer succeeds in proving (1) that the claimant is capable of doing light work of a general nature and (2) that such work is in fact available to the claimant. *See Barrett, supra,* and *Petrone, supra.* The Hospital offered the testimony of an employment consultant to show that light work of a general nature was available to McDevitt. This testimony was not rebutted, and, therefore, the Hospital did prove that light work is available to McDevitt. The Hospital did not prove, however, that McDevitt was capable of doing light work which was available to him.

McDevitt was 65 years old at the time of the hearing in this case. He has an eighth-grade education, and a history of back trouble prior to the accident in this case. The referee had to consider these facts in determining the extent of McDevitt's disability. *Rosenau Brothers, Incorporated v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 462, 311 A.2d 160 (1973). McDevitt's medical witness testified that, in his opinion, McDevitt was "not employable within his normal and ordinary types of previous employment and previous abilities to do work." He also testified that McDevitt's back could not stand up under any repetitive physical effort, whether it involved "heavy bending and lifting" or "lighter bending and lifting on a continuing basis." According to his medical witness, McDevitt could only work in a "very strictly tailored carefully outlined, very carefully environmented situation." The referee apparently decided that the light work which was available was not the type of "strictly tailored" and "carefully environmented" work which McDevitt might be able to perform. We conclude that the testimony of McDevitt's medical witness is sufficient to support the referee's finding of total disability.

As is usual in this type of case, the testimony of the medical experts was in conflict. The Hospital's expert testified that McDevitt was capable of performing light work of a general nature. The referee decided to disregard the testimony of the Hospital's expert, and this Court is bound by that decision. *See Universal Cyclops v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The record indicates that McDevitt is capable of driving an automobile and that he has remained active in a church-related organization. The Hospital argues that McDevitt's volunteer work is conclusive proof that he is capable of light work. We disagree. The volunteer work does not necessarily conflict with the referee's finding of total disability. Such work obviously falls within the type of work which his medical expert stated McDevitt might be able to perform.

In summary, we hold that the referee's finding of total disability is supported by substantial evidence and, therefore, we affirm.

Accordingly we

ORDER

AND NOW this 31st day of July, 1975, Parkview Hospital and/or the Pennsylvania Manufacturer's Association Insurance Company, are hereby ordered to pay compensation for total disability to John P. McDevitt, at the rate of $60.00 per week, beginning August 25, 1969, and continuing until such time as McDevitt's disability ceases or changes in extent, in accordance with the provisions of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

The above award is to bear interest at the rate of 6% per annum on all deferred payments of compensation.