Northern Metal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James Young, Respondents.

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

624

*Thomas R. Bond,* with him *Walter J. Timby, Jr.,* and, of counsel, *LaBrum and Doak,* for petitioner.

*Robert A. Korn,* with him, of counsel, *Korn, Kline & Kutner;* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, December 12, 1977:

James Young (claimant) injured his right foot on December 20, 1967 while working as a manual laborer for Northern Metal Company (employer). Pursuant to the terms of a compensation agreement the employer paid him total disability benefits from the time of the accident until January 26, 1970, when he went back to work with the employer in a sedentary job, in which he was employed until April 26, 1970, when he was discharged. Compensation was resumed for a short time but was later discontinued.

Following a hearing on the claimant's petition for review of the agreement and the employer's petition to terminate benefits, a referee reinstated benefits and the Workmen's Compensation Appeal Board (Board) affirmed. On appeal to this Court, the case was remanded to the Board for a necessary finding as to whether or not a job was available to the claimant at the time he was discharged. *Northern Metal Co. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 283, 320 A.2d 453 (1974). The Board assigned the case to a different referee. Counsel declined to present additional evidence and the

referee thus made new findings of fact and conclusions of law on the basis of the same record, dismissed the employer's petition to terminate and ordered the payment of benefits. The Board affirmed and the employer has again asked us to review the Board's order.

Section 427 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation appeals is that defined in Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44. Section 44 limits our scope of review here to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact are unsupported by substantial evidence.

The referee specifically found that *"no* job which the claimant is capable of performing was available to the claimant on or after April 26, 1970" (emphasis in original). On a petition to terminate benefits, of course, it is the employer's burden to show that a claimant's disability has ended or has been reduced and that work is available to the claimant which he is capable of doing. *Workmen's Compensation Appeal Board v. Pennsylvania School Board Association,* 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). The employer here met his burden of showing, and the referee found, that the claimant was suffering from only a partial anatomical disability, but we must agree with the referee that the record contains no proof of the availability of work which the claimant could perform.

The employer presented no evidence regarding the reason for the claimant's discharge on April 26, 1970.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq.

When the claimant, himself, was asked the reason, he testified that he was "not able to do anything that they had for me to do." Although the record does contain testimony that a job in the metal shop was available on the day the claimant was discharged, the employer presented no evidence that the claimant was capable of performing that job. Moreover, in the absence of any rebutting testimony from the employer, it was reasonable for the referee to conclude that the claimant could not do the job and was discharged for that reason. The mere proof of availability of a job, without proof that the claimant was, in fact, capable of doing the work which was available, is insufficient to establish that compensation for total disability should be terminated. *Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board*, 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975).

We believe that the crucial finding of fact here is supported by the evidence, and we must agree that as a matter of law the employer failed to meet his burden of proving that benefits should be terminated. We will, therefore, affirm the Board's order.

## ORDER

AND Now, this 12th day of December, 1977, the order of the Workmen's Compensation Appeal Board is hereby affirmed, and it is ordered that judgment be entered in favor of James Young and against the Northern Metal Company for compensation to be paid at the rate of $52.50 per week beginning May 10, 1970 and for an indefinite time into the future with interest to be assessed at the rate of six percent (6%) on all deferred payments of compensation.