A-1 Motors, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wilbur A. Barrick, Respondents.

Argued March 3, 1978, before President Judge BOWMAN and Judges ROGERS and DISALLE, sitting as a panel of three.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for petitioner.

*David C. Cleaver,* with him *Sharpe & Sharpe,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DiSALLE, May 8, 1978:

This appeal has been taken by A-1 Motors, Inc. (Employer) under the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. A referee's decision, affirmed by the Workmen's Compensation Appeal Board (Board), denied the Employer's petition to modify an award of compensation for total disability to Wilbur A. Barrick (Claimant).

Claimant, who is 63 years of age and has an eighth grade education, injured his left knee on September 9, 1971, in a job related accident. Surgery was performed in August of 1972, the surgical procedure being an arthrotomy which resulted in the removal of the medial meniscus. Shortly after the operation, the Claimant was hospitalized again because of developing phlebothrombosis, which was a complication of the surgery. This condition subsided in December of 1972, and the Claimant was fitted with a knee brace which his physician required him to wear.

On November 7, 1972, notice of compensation payable was executed providing compensation of $60.00 per week beginning August 8, 1972, for temporary total disability. In October of 1973, the Employer

filed a petition to modify the compensation agreement. The Employer contended that Claimant's total disability was reduced to less than 20% and that there were suitable jobs available to Claimant in the area where he resided.

When the employer is the moving party, he has the burden of showing that disability has ended or has been reduced and that (1) work is available to a claimant and (2) the claimant is capable of doing such work. *Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board*, 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975). Since the decision below was against the party with the burden of proof, here, the Employer, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

The referee heard the testimony of two physicians. Dr. Bryan testified on behalf of the Claimant, and Dr. Richards testified for the Employer. Dr. Bryan stated that as a result of the weakened condition of the knee, Claimant could not perform jobs where any bending, stooping, or lifting was involved. (The Employer readily admitted that he could not guarantee a position to the Claimant which did not involve stooping, bending, or lifting). Dr. Richards stated that most of the disability which Claimant had was directly related to his heart condition and not to his knee. He also stated, however, that Claimant would have to take employment involving only standing, walking or sitting because of Claimant's knee condition.

The referee and the Board both found that the Claimant was totally disabled. Where, as here, there

is conflicting medical testimony, a referee's acceptance of the medical opinion of one physician as opposed to that of another is not a capricious disregard of the evidence. The Employer simply failed to meet his burden of proof.

Further, the Employer failed to establish that one with the Claimant's disabilities could perform the duties of the positions it contended were available. Even the Employer's expert readily admitted that Claimant's age and limited education, together with his physical limitation, would seriously handicap his ability to secure employment.

The Employer failed to carry its burden of proof in the modification proceeding. In this case there was no capricious disregard of competent evidence. Accordingly, we affirm.

ORDER

AND Now, this 8th day of May, 1978, the decision of the Workmen's Compensation Appeal Board sustaining the referee's denial of the petition for modification of compensation payable to Wilbur A. Barrick is hereby affirmed.