Atlantic Richfield Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pasquale Inverso, Respondents.

Argued September 11, 1978, before Judges Wil-kinson, Jr., Rogers and Craig, sitting as a panel of three.

*David L. Pennington,* with him *William F. Sweeney,* and *Harvey, Pennington, Herting & Ren-neisen, Ltd.,* for petitioner.

*Arthur M. Harrison,* with him *James N. Diefender-fer,* for respondents.

Opinion by Judge Wilkinson, Jr., October 16, 1978:

This is an appeal from a decision of the Work-men's Compensation Appeal Board (Board) which af-

firmed a referee's denial of a termination petition filed by the petitioner. We affirm.

Pasquale Inverso (hereafter referred to as claimant) was employed by the petitioner as a truck driver. On June 18, 1974, claimant suffered a work-related injury to his right knee. Claimant was then referred by the petitioner's medical department to a Dr. Simon, who first saw the claimant on July 24, 1974. On August 8, 1974, Dr. Simon operated upon claimant and removed a torn medial and a torn lateral meniscus (cartilage) from his right knee. Claimant then began receiving compensation for total disability effective August 14, 1974. Compensation was eventually terminated on September 27, 1974, upon the execution of a final settlement agreement. A supplemental agreement was entered into on August 8, 1975, providing that claimant had begun to lose work due to the knee injury on August 1, 1975. A second supplemental agreement was entered into on September 18, 1975. It stated that claimant had begun to lose work due to the original injury as of September 2, 1975. Petitioner then filed a termination petition on April 5, 1976, alleging that claimant's disability had ceased as of January 14, 1976.

Dr. Simon, who has treated claimant throughout the course of his injury, was the only witness called to testify at the hearing before the referee. Dr. Simon testified that the injury to claimant's right knee constituted a partial disability to the whole man rated as somewhere between 0% and 20%, but that he could not specify the exact percentage of disability. Dr. Simon further testified that this residual disability to claimant's knee, in combination with non-related degenerative changes in claimant's other joints, prevented him from returning to his job as a truck driver. Finally, Dr. Simon testified that absent claimant's non-related degenerative conditions he could have re-

turned to work as a truck driver on January 14, 1976. The referee, in his finding of fact number nine, specifically rejected this latter portion of Dr. Simon's testimony.

The Board, which affirmed the referee's denial of the termination petition, reasoned that the petitioner had demonstrated a reduction in disability, but did not present any evidence regarding work available to the claimant in light of his partial disability. Accordingly, the Board denied the termination petition. We agree.

There is no question that the petitioner had the burden of proving that claimant's disability had ceased, or that it had been reduced to partial disability and work was available for which the claimant was qualified and able to perform. *Servomation Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A.2d 344 (1974). We agree with the Board's conclusion that in this case petitioner had demonstrated a reduction in claimant's disability from total to partial, but failed to present any testimony regarding job alternatives available to the claimant. Accordingly, the petitioner cannot be held to have carried its burden of proof in this regard. Petitioner's contention that the burden was on the claimant to present evidence of partial disability before the petitioner had to produce testimony regarding job alternatives is patently contrary to the established rule of law. *See Northern Metal Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 623, 380 A.2d 508 (1977). The case which petitioner cites in support of this contention, *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968), did not even involve a termination petition, but rather resulted from a suit brought by a claimant seeking compensation in the first place.

We are also unable to accept petitioner's other contention, namely that the referee capriciously disregarded the testimony of Dr. Simon in finding that the claimant's knee injury prevented him from returning to work as a truck driver. It is true that at one point in the hearing Dr. Simon stated that if one could eliminate all of claimant's other ailments, including the degenerative changes in the right knee, claimant could have returned to work as a truck driver. However, the remainder of the doctor's testimony certainly could lead a reasonable man to a contrary conclusion. The fact that the referee chose to reject one portion of the doctor's testimony and rely instead on other statements made by the doctor does not, we believe, represent a capricious disregard of the evidence.

Two other points deserve brief mention. First, petitioner avers that no answer was ever filed to the termination petition. A quick review of the record reveals that an answer was indeed filed. Second, petitioner contends that there is no competent evidence to support the referee's findings that claimant still complains of pain in his right knee, and that claimant had to stop working because of this pain. However, Dr. Simon, in relating claimant's medical history, often referred to the tenderness which claimant felt in his right knee, and this would be competent evidence to support the referee's findings of fact.

Accordingly, we will enter the following

ORDER

AND Now, October 16, 1978, the order of the Workmen's Compensation Appeal Board, at No. A-72600, dated June 3, 1977, affirming the denial and dismissal of the Termination Petition filed by The Atlantic Richfield Company is hereby affirmed. Judgment is to be entered in favor of Pasquale Inverso and against

The Atlantic Richfield Company in the amount of $106.00 per week. This compensation is to continue indefinitely into the future until such time as claimant's disability ceases or changes in character or extent within the terms and limitations of The Pennsylvania Workmen's Compensation Act, *as amended,* together with interest at the rate of ten percent (10%) per annum on all deferred payments. Attorney's fees are awarded to claimant's counsel at the rate of twenty percent (20%) of the award payable to Pasquale Inverso. Such fee is to be deducted from the compensation awarded to the claimant by virtue of this decision.