United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Haven B. Stanley, Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*R. M. Guttshall, III*, for petitioner.

*Edwin H. Beachler*, with him *McArdle, Caroselli, Spagnolli & Beachler*, for respondent.

OPINION BY JUDGE MENCER, October 5, 1979:

United States Steel Corporation (U.S. Steel) has appealed an order of the Workmen's Compensation Appeal Board (Board) setting aside a final receipt and reinstating compensation to Haven B. Stanley (claimant) pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001. We affirm.

Claimant, a pipe straightener for U.S. Steel, suffered a compensable back injury on March 4, 1976 which aggravated a preexisting lumbosacral spondylolisthesis.[1] Pursuant to a compensation agreement entered into by claimant and U.S. Steel, claimant was compensated at the rate of $177.73 per week beginning March 20, 1976. On January 6, 1977, claimant signed a final receipt terminating compensation.

Alleging that all disability resulting from his injury had not ceased or terminated when he signed the final receipt and that he was currently disabled because of the March 4, 1976 injury, claimant filed a petition to set aside the receipt on June 8, 1977. After a hearing, at which conflicting medical testimony was presented concerning the causal connection between claimant's present disability and his prior injury, the referee set aside the receipt and reinstated compensation. Upon the Board's affirmance, U.S. Steel appealed to this Court.

---

[1] Defined by claimant's physician as "a flaw on both sides of the posterior or back portion of the bottom lumbar vertebra which leads to a gap between the joints allowing the bottom vertebra to slide forward with instability and excessive motion."

While admitting that claimant is currently disabled, U.S. Steel asserts there is no evidence to support the referee's finding that claimant's present disability is caused by the March 4, 1976 injury. We disagree.

A review of the direct testimony of Dr. Robert F. Botkin, claimant's physician, indicates that the referee could reasonably infer the following: (1) that the March 4, 1976 injury aggravated claimant's preexisting back condition; (2) that claimant's present condition is the result of a traumatic injury which aggravated claimant's spondylolisthesis; (3) that the traumatic injury causing claimant's present disability is the March 4, 1976 injury since it was the only injury concerning which testimony was given; and (4) that claimant has been continually disabled since his injury. This evidence, combined with claimant's own testimony describing his continuing disability, constitutes substantial evidence to support the referee's findings. *See Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975); *Universal Cyclops v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 375, 320 A.2d 449 (1974).

U.S. Steel argues, however, that Dr. Botkin, on cross-examination, so qualified his prior statements on the causal relationship between claimant's disability and injury that his testimony could not be used to support the referee's findings. Again, we must disagree, for our review of the record indicates that, when questioned on the possibility that claimant's present disability was caused by some other factor, Dr. Botkin either could not express an opinion because he lacked sufficient information or, while admitting the possibility, reaffirmed his earlier opinion that the March 4, 1976 injury did cause claimant's current difficulties, albeit it was not the sole cause.

Even if such testimony were construed as being inconsistent with Dr. Botkin's testimony on direct examination, as we stated in *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 595, 597, 377 A. 2d 1007, 1010-11 (1977),

> In reviewing the instant record, we are mindful of the referee's unique fact-finding role. Questions of credibility and the choice between conflicting testimony are for the referee, not this Court. Workmen's Compensation Appeal Board v. Quick, 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976); *see* [Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977)]. Among such questions are those arising from a witness' inconsistent testimony, Quick, *supra*; Workmen's Compensation Appeal Board v. Czepurnyj, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975), as well as from conflicting testimony of two or more witnesses. Having assessed the credibility of such evidence, the referee may, in lawful exercise of his broad discretion, accept, or reject the testimony of any witness *in whole or in part*. *See* Berdy v. Glen Alden Corp., 202 Pa. Superior Ct. 525, 198 A.2d 329 (1964). If the testimony accepted constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *see, e.g.*, Workmen's Compensation Appeal Board v. Auto Express, Inc., 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975), we are precluded from disturbing findings supported by the testimony even though there is evidence to the contrary. *See* Padilla v. Chain Bike Corp., 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

. . . .

A reasonable mind could accept part of [Dr. Botkin's] direct testimony as adequate to support a conclusion on the relation between the work incident and [claimant's] subsequent condition. *Cf.* Workmen's Compensation Appeal Board v. Bethlehem Steel Corp., 23 Pa. Commonwealth Ct. 454, 352 A.2d 571 (1976) (unequivocal medical testimony that injury was caused by claimant's activities at work). Since the referee chose to believe that part of [Dr. Botkin's] testimony that unequivocally established the relation, the referee's findings are supported by substantial evidence. (Emphasis in original.)

*See also Atlantic Richfield Co. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 140, 391 A.2d 1339 (1978); *Workmen's Compensation Appeal Board v. Universal Cyclops,* 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975). Accordingly, we enter the following

ORDER

AND Now, this 5th day of October, 1979, the order of the Workmen's Compensation Appeal Board, dated August 17, 1978, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Haven B. Stanley and against United States Steel Corporation, in the amount of $177.73 per week for the period beginning January 7, 1977 and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of the Pennsylvania Workmen's Compensation Act.

In addition, United States Steel Corporation is directed to reimburse claimant's attorney, Edwin H.

Beachler, Esquire, for the following costs incurred by him on claimant's behalf:

| | |
|---|---|
| Dr. Robert F. Botkin—Report | $100.00 |
| Dr. Robert F. Botkin—Deposition | 150.00 |
| Powers & Garrison, Court Reporters (Deposition of Dr. Botkin) | 51.50 |

Finally, approved attorney's fees in the amount of 20 percent of the compensation awarded claimant are to be paid by claimant.