Community Medical Center, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bernadette R. Krupski, Respondents.

Argued November 13, 1979, before Judges WILKIN-
SON, JR., ROGERS and MACPHAIL, sitting as a panel of
three.

*Joseph Lenahan*, with him *John R. Lenahan, Jr.*,
for petitioner.

*Todd J. O'Malley*, for respondent.

OPINION BY JUDGE ROGERS, December 7, 1979:

Community Medical Center (CMC) has appealed
from an order of the Workmen's Compensation Ap-
peal Board (Board) affirming a referee's dismissal of
CMC's Petition for Modification of compensation ben-
efits being paid to Bernadette Krupski. We affirm.

Ms. Krupski was injured while working for CMC
as a practical nurse. For two years thereafter, CMC's
insurance carrier paid compensation to Krupski for
total disability. In May 1977, CMC's insurance carrier
filed a Petition for Modification seeking to terminate
compensation payments on the ground that Ms. Krup-
ski's disability had decreased to a thirty percent
(30%) partial disability. A hearing was held before a
referee, at which time the deposition of an Orthopedic
surgeon who had examined Ms. Krupski for CMC was
introduced into evidence. The Orthopedic surgeon's

unrebutted testimony was to the effect that Ms. Krupski's disability had decreased to thirty percent (30%) and that, while Ms. Krupski would be able to do light sedentary work, she would not be able to engage in prolonged standing or sitting. CMC also presented the testimony of a vocational specialist, who, after reviewing the Orthopedic surgeon's deposition, was of the opinion that there were four positions then available to Ms. Krupski. Three of these positions involved telephone solicitation and one was a telephone switchboard operator. The vocational specialist further testified that, while he did not know what percentage of time Ms. Krupski would be required to sit in these jobs, the jobs were primarily sitting jobs. He opined, however, that Ms. Krupski probably would be able to change her position at some time during the work shift of each job. The vocational specialist did not know the length of the workshift of any of the jobs except that of telephone switchboard operator, which was a full time, eight hour per day position.

The referee found as fact that Ms. Krupski could not perform any of the positions presented by the vocational specialist. The referee concluded that CMC failed to prove that work was actually available to Ms. Krupski which she could perform with her physical limitation and that Ms. Krupski was therefore totally disabled and entitled to continued compensation payments. The Board, without taking additional evidence, affirmed the referee's decision.

In order to modify Ms. Krupski's compensation benefits, CMC was required to prove that work was available to Ms. Krupski and that she was capable of performing the work. *A-1 Motors, Inc. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 238, 240, 385 A.2d 632, 633 (1978). There is no dispute in this case that CMC proved that work existed in Ms. Krupski's vicinity. CMC contends that the referee

erred in finding that CMC failed to meet its burden of proving that Ms. Krupski was capable of performing this work. CMC claims that they met their burden of proof by the unrebutted testimony of their vocational specialist. We disagree.

Since the Board's decision was against the party with the burden of proof, here, CMC, "our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence." *Id.* We believe that, although the vocational specialist's unrebutted testimony showed the existence of some employment which might be within the physical capabilities of Ms. Krupski, the unrebutted testimony of the Orthopedic surgeon that she could not either sit or stand for long periods provided a sufficient basis upon which the referee could conclude that these jobs were not such as Ms. Krupski could perform.[1] *Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975). We find that neither the referee nor the Board capriciously disregarded competent evidence.

CMC also contends that the referee subjected CMC to an unreasonable and improper burden of proof. The referee found that

---

[1] CMC, at argument before this Court, stressed that one of the telephone solicitation positions could be performed by Ms. Krupski in her home, thereby affording her an opportunity to change her position when necessary. This work would be paid, however, strictly upon a commission basis. CMC's vocational specialist did not know what, if any, remunerations could be expected to be earned by a person such as Ms. Krupski, who is unexperienced in this type of work. He further admitted that an experienced telephone solicitor would be more successful than an inexperienced telephone solicitor, who might be totally unsuccessful. The Board therefore properly concluded that this work, like the other telephone solicitation positions, was not suitable work within Ms. Krupski's capabilities.

it was necessary for [CMC] to show that work was available and not merely existing that the claimant could, in fact, perform. The testimony of the witness presented by [CMC] to show the availability of work was testimony more to the effect that the claimant could apply for jobs that were available and not that they were, in fact, available particularly to her that she could perform within her limitations.

While perhaps not expressed as clearly as it might be, the referee did employ the correct standard. *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976).

Finally, CMC argues that the referee erred in considering Ms. Krupski's educational background when determining whether she would be able to perform certain employment. The educational background of a claimant may be considered by a referee in a workmen's compensation case. *Rosenau Brothers, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 462, 311 A.2d 160 (1973). Ms. Krupski testified that she had completed schooling through the tenth grade. This was evidence sufficient to justify consideration of Ms. Krupski's educational background in determining if suitable work was actually available to her.

### Order

And Now, this 7th day of December, 1979, Community Medical Center and/or Pennsylvania Manufacturing Association, Inc. are hereby ordered to pay compensation benefits for total disability to Bernadette R. Krupski at the rate of $65.43 per week, beginning March 8, 1977, or from the date of the most recent payment of compensation, and continuing until such time as Ms. Krupski's disability ceases or changes in

extent, in accordance with the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Deferred payments of compensation shall bear interest at the rate of ten percent (10%) per annum from the due date thereof.