St. Vincent Health Center and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Themis Roussos, Respondents.

Submitted on briefs February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Howard N. Plate, Plate, Shapira, Hutzelman, Berlin & May,* for petitioners.

*Harry K. Thomas, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., May 5, 1981:

St. Vincent Health Center (employer) and its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company (PMA), appeal from an Order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision to modify the benefits payable to Themis Roussos (claimant). The referee's decision had been entered on a petition by the employer and PMA to suspend claimant's benefits.

The claimant injured his back in the course of his employment at St. Vincent Health Center on April 15, 1976. He suffered a lumbosacral strain or sprain, which resulted in payment of compensation to him for total disability pursuant to a Notice of Compensation

Payable. Payment of compensation continued until the claimant executed a final receipt which stated that he was able to return to work on May 3, 1976. Shortly thereafter the parties entered into a supplemental agreement indicating that the claimant's disability had recurred. On June 14, 1976, the claimant again tried to resume working, and signed a second final receipt effective that date. However, on September 13, 1976, he abandoned his efforts to continue working, and filed a petition to set aside the second final receipt. That petition was granted on October 27, 1977; and total disability compensation was thereby reinstated, effective September 13, 1976.

On December 19, 1977, the employer and PMA filed a petition for suspension of compensation. They alleged in their petition that the claimant's disability had ceased as of December 27, 1976; and that the claimant had been able to work since that date.

The referee below treated the suspension petition as a petition to modify compensation. After a hearing on the petition, in June, 1978, the referee determined that the claimant's disability had changed from total to partial, and that as of March 28, 1978, there was work available which the claimant could perform. Consequently, the referee reduced the claimant's rate of compensation to that for partial disability, effective March 28, 1978.

The claimant appealed the referee's decision to the Board, which reversed on the ground that the referee's decision regarding the level of claimant's disability was based on irrelevant medical testimony. Accordingly, the Board concluded that the employer and PMA had not met their burden of proving a reduction in the claimant's disability, and ordered that benefits be continued at the rate for total disability. From that Order the instant appeal followed.

It is well settled that an employer, or its insurance carrier, seeking to modify workmen's compensation benefits has the burden of proving that the disability has ended or been reduced, and that there is work available to a claimant which he is capable of doing. *E.g., A-1 Motors, Inc. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 238, 385 A.2d 632 (1978). In that regard the employer or carrier has the burden of proving the allegations on which it relies. *McGee v. L. F. Grammes & Sons, Inc.,* 477 Pa. 143, 383 A.2d 864 (1978); *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A.2d 172 (1973).

In the case at bar, the employer and PMA alleged in their petition that claimant's disability had ceased as of December 27, 1976. To support this allegation they introduced the deposition testimony of Dr. James E. Mraz, the claimant's physician. The deposition of Dr. Mraz was taken on February 10, 1977. Dr. Mraz stated that he had last examined the claimant on December 27, 1976; and that the claimant was not totally disabled as of that date. Dr. Mraz further testified that the claimant was capable of performing light work at that point in time.

The testimony of Dr. Mraz could substantiate the referee's finding that claimant's physical disability had been reduced from total to partial. However, this testimony would satisfy only the first part of the two-part burden imposed upon petitioners; it remained their burden to prove that work was available to claimant, and that claimant was capable of performing such work. *A-1 Motors, Inc., supra; Parkview Hospital Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975).

To meet the second element of their burden of proof, the employer and PMA presented the testimony of an employment counsellor who had interviewed the claimant, and subsequently had attempted to place the claimant in suitable employment. This witness testified at length on the availability of ''light work''; however, his testimony is devoid of any definitive statement regarding the claimant's ability to perform the jobs allegedly available. Consequently, this testimony supports only the conclusion that at some point in time, certain jobs have been available which the claimant *might* have been capable of performing.

The employer and its insurance carrier have failed to establish that the claimant was capable of performing the duties of the allegedly available positions. The petitioners have thus failed to carry their burden of proof in this regard; and accordingly, the Order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, the 5th day of May, 1981, the Order of the Workmen's Compensation Appeal Board, at Docket No. A-77559, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.