John Dobasewski, Petitioner *v.* Workmen's Compensation Appeal Board (Hendrick Mfg. Co.), Respondents.

Submitted on briefs June 3, 1985, to Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Richard S. Campagna,* for petitioner.

*Kathleen A. Lenahan, Lenahan and Dempsey, P.C.,* for respondent, Hendrick Mfg. Co.

OPINION BY JUDGE ROGERS, September 12, 1985:

John Dobasewski has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order granting the petition of his former employer, Hendrick Manufacturing Co., for modification of his compensation benefits.

The claimant, a surface grinder, suffered a compensable injury in an accident which occurred on September 15, 1975, on account of which he received payments for total disability. The claimant executed a final receipt stating that he was able to return to work on January 10, 1977 without loss of earning power. On June 8, 1978, the claimant and his employer executed a supplemental agreement which provided that the claimant's disability had recurred on September 30, 1977 and that the claimant shall receive compensation for total disability. The employer filed a petition for modification of compensation on January 23, 1981, contending that from November 18, 1980, the claimant was able to do light work based on a physician's findings.

After hearings, the referee found that the claimant was partially, rather than totally, disabled and that there was a position available in the labor market and within the claimant's physical and intellectual capabilities. The claimant appealed, and the board affirmed the referee's order. This appeal followed.

The claimant contends that the board's order "is erroneous and should be set aside because the testimony concerning work available to the petitioner and within his limitations was inadequate as a matter of law and the referee improperly and erroneously limited the testimony of . . . the claimant's vocational expert. . . ."

An employer, or its insurance carrier, seeking to modify a workmen's compensation agree-

ment and asserting that a claimant's disability is no longer total has the burden to prove that the claimant's condition of disability has abated and that work is available which the claimant is capable of doing. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968); Petrone v. Moffat Coal Co., 427 Pa. 5, 233 A.2d 891 (1967); St. Vincent Health Center v. Workmen's Compensation Appeal Board, 59 Pa. Commonwealth Ct. 130, 428 A.2d 1061 (1981). The work proposed for a partially disabled claimant must be *actually* available, that is, in fact within his reach, and it must be brought to his notice by the employer. A position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence.

*Kachinski v. Workmen's Compensation Appeal Board,* 91 Pa. Commonwealth Ct. 543, 545-6, 498 A.2d 36, 37 (No. 2160 C.D. 1984, filed September 10, 1985) (emphasis in original). *See 4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981); *State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981).

The employer adduced the testimony of Dr. Anthony G. Zale, who examined the claimant on November 18, 1980, whose testimony supports the finding that the claimant's condition of disability had changed from total to partial. Dr. Zale testified that the claimant could do light work; that in an eight hour day, he could stand or walk from one to four hours and sit for one to three hours; that he could use his hands for

repetitive simple grasping and fine manipulation; and that he could occasionally bend, squat, and climb. The record also shows that the claimant has completed the eleventh grade, was fifty-seven years old when the referee issued his order on July 27, 1983, and had worked as a laborer.

The employer also elicited the testimony of a vocational expert, who had interviewed the claimant and had discussed the claimant's limitations with Dr. Zale. This witness described a number of positions which he believed a person with the claimant's physical restrictions could perform. The referee, however, found only one job available that the claimant was capable of performing, namely, the part-time position of inventory control clerk for Burlington Industries, a position which Dr. Zale approved and for which the claimant testified that he had the intellectual ability to perform. The vocational witness testified that Burlington was located approximately six miles from the claimant's residence and that the position required the worker to walk to registers, pick up inventory tickets and then, while either sitting or standing, to feed the tickets into a machine. The work-week was twenty-three hours and required no stooping, bending, or lifting in excess of a few ounces and no experience was required. The position was made known to the claimant, who testified that he did not apply for it because he thought he was not physically able to do it. The evidence supports the referee's finding that "[t]here was suitable work available in the market within claimant's physical and mental capabilities which he could perform. . . ."

The claimant next contends that the referee improperly limited the testimony of a vocational expert called in his behalf. The record shows that the referee correctly instructed this witness that he could not give his opinion, based on the claimant's complaints to him

and a study of the medical evidence, as to whether the claimant was physically able to do any work. The referee also properly told the witness that he could counter the testimony of the employer's vocational witness concerning the physical abilities required to perform the work of positions named by the latter or otherwise contest the availability of such positions, but that he might not in effect express a medical opinion as to the claimant's ability to work at all. Notwithstanding the referee's rulings, the witness expressed his opinion several times that the claimant could not perform any work, and certainly could not perform work available in the area. This testimony went into the record and is still there because the employer's counsel did not move to strike it. In any event, the referee clearly did not credit the testimony of the claimant's witness and this was within his province to do. *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 352, 407 A.2d 464 (1979).

Order affirmed.

ORDER

AND NOW, this 12th day of September, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge BARRY did not participate in the decision in this case.