## Sinclair, Appellant, *v.* Henry Shaffer Lumber Company.

Argued November 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Harry A. Heilman, Jr.*, with him *E. O. Golden*, for appellant.

*Francis S. McQuilkin*, with him *W. Davis Graham*, for appellees.

OPINION BY GUNTHER, J., January 21, 1958:

This appeal is from an order of the Court of Common Pleas of Armstrong County sustaining the Workmen's Compensation Board which granted defendant's petition for termination.

Claimant sustained an injury to his hand as a result of an accident on May 14, 1951 in the course of his employment with Henry Shaffer Lumber Company. Compensation was paid under an open agreement. On November 21, 1951 a supplemental agreement provided for the payment for the loss of the left ring finger. On December 31, 1953 a petition for termination was filed alleging that claimant was compensated for the loss of the fourth and fifth finger and that no other injury was suffered. Claimant filed a claim petition setting forth that as a result of the accident he also suffered disability in the left hand, and in particular the middle and index fingers as well as damage to the ulnar nerve.

Defendant called Dr. George B. Foster who testified that on November 16, 1953, he examined the claimant and found the index finger normal. An electrical machine test was made which indicated that claimant had good motion in the fingers involved. The doctor in his opinion stated that the disability was confined to the loss of use of the fourth and fifth fingers and that there was no evidence of any ulnar nerve paralysis.

Dr. Sedwick, called in behalf of claimant, testified that he last examined the claimant on April 14, 1954, and found inability to flex the last three fingers of the left hand, a decreased sensation along the ulnar division of the left forearm and seventy-five per cent disability in the use of the left hand.

The referee found as a fact, after considering the testimony of both doctors, that the disability resulting from claimant's accident of May 14, 1951, was confined entirely to the fourth and fifth fingers of the left hand for which compensation was fully paid. It was determined that defendant was entitled to a termination as prayed for. The board, after careful review of the record, accepted the testimony of the defendant's physician and affirmed the referee. Dr. Foster's testimony discloses that he tested claimant for sensation in the injured parts, observed the musculature, noted the absence of atrophy in the index and middle fingers and explained the significance of the absence of atrophy. In the instant case the electrical stimulation tests demonstrated that the fingers could be moved and that the ulnar nerve was intact. Dr. Foster gave a positive medical opinion that the claimant had no disability other than the loss of the fourth and fifth fingers. This opinion was founded on his own observation. In *Kennedy v. Holmes Construction Co.,* 147 Pa. Superior Ct. 348, 24 A. 2d 451, we held that the

doctor's testimony was competent because it was based on clinical diagnosis.

There was a conflict in the testimony given by the two physicians. This conflict presented an issue of fact for determination exclusively by the compensation authorities. *Kennedy v. Holmes Construction Co.*, supra; *Coder v. Pittsburgh Des Moines Steel Company*, 142 Pa. Superior Ct. 407, 16 A. 2d 662. See also *Darmopray v. Budd Mfg. Co.*, 169 Pa. Superior Ct. 200, 82 A. 2d 341. Where there is a conflict in the evidence the issue of credibility is solely for the compensation authorities. *Greap v. Oberdorff*, 178 Pa. Superior Ct. 153, 113 A. 2d 339; *Silvers v. Philco Corporation*, 175 Pa. Superior Ct. 246, 103 A. 2d 286.

A review of the record reveals no disregard of competent evidence and sustains the findings in this case. We, therefore, have no alternative but to sustain the order of termination.

Order affirmed.