Mine Safety Appliance Company, et al. *v.* Roy, et al.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling*, for appellants.

*Alexander J. Pentecost*, for appellee.

OPINION BY JUDGE ROGERS, February 23, 1973:

Miss Rose Roy, a workmen's compensation claimant, was injured at her work for Mine Safety Appliance Company  Her supervisor told her to consult a physician of her choice and an orthopedic surgeon who treated her, apparently at the direction of her employer, recommended a complete medical checkup. She was fitted with a back brace and resumed working, although suffering pain. Some months later, according to claimant's testimony, her pain became such that she was unable to work. She went to a hospital where she was examined, admitted and where she stayed three weeks, some of the time in traction. A referee's award of compensation for total disability and directing the payment of the hospital bill and the charges of a doctor at the hospital was affirmed by the Workmen's Compensation Board.

The employer's appeal to us raises two questions, both essentially factual. It contends that the finding of total disability is not supported by substantial evi-

dence and that the record contains no justification for requiring it to pay the hospital and doctor bills in question.

By recent amendment of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §§1, et seq., providing a new Section 427, appeals from the Board are taken to the Commonwealth Court and our scope of review is to be as provided by Section 44 of the Administrative Agency Law. Section 3 of the Act of Feb. 8, 1972, No. 12 of Session of 1972. The familiar standard of Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.44, is that of affirmance unless, *inter alia*, ". . . any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." We conceive this standard of review to be no different from that previously developed in the workmen's compensation field: that findings supported by competent evidence are conclusive on the courts and must be accepted by them;[1] that the Board is the final judge of the credibility of witnesses and of what evidence is to be accepted or rejected;[2] that where the evidence, including medical opinion, is in conflict, it is the province of the compensation authorities to decide which conclusion it will adopt;[3] and that whether or not the claimant is totally disabled is a question of fact for the workmen's compensation authorities.[4]

---

[1] *Hendricks v. Patterson*, 164 Pa. Superior Ct. 584, 67 A. 2d 652 (1949) ; *Walden v. Williams Bros. Corp.*, 167 Pa. Superior Ct. 289, 74 A. 2d 762 (1950).

[2] *Mallory v. Pittsburgh Coal Co.*, 162 Pa. Superior Ct. 541, 58 A. 2d 804 (1948) ; *Bologna v. Harmar Coal Co.*, 202 Pa. Superior Ct. 26, 194 A. 2d 349 (1963).

[3] *Gasior v. City of Pittsburgh*, 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958) ; *Sinclair v. Henry Shaffer Lumber Co.*, 185 Pa. Superior Ct. 347, 137 A. 2d 807 (1958).

[4] *Stever v. Rea & Derick*, 206 Pa. Superior Ct. 158, 212 A. 2d 90 (1965).

Here the fact finders had before them the testimony of Miss Roy and her physician that she was totally disabled[5] and that of the employer's physician that she should return to work on a part-time basis. The Board properly considered the claimant's impressive employment record and resolved the conflict in claimant's favor. This was conclusive of that matter.

As to the question of claimant's hospital and doctor bills, we first note that the statute, Section 306(e) of The Pennsylvania Workmen's Compensation Act, 71 P.S. §531, reads: "During the first twelve months after disability begins, the employer shall furnish reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitation. In addition to the above service, medicines and supplies, hospital treatment, services and supplies and orthopedic appliances, and prostheses shall be furnished by the employer for the said period of twelve months." The employer contends that the record does not support the implicit finding of an application to it for and refusal of the hospital and doctor care which it is now required to pay. No such showing was necessary if the claimant had been authorized by the employer to obtain these services. The employer attempted to prove its case by cross-examination of the claimant. Her testimony was that her supervisor told her to go to a doctor of her choice and that the orthopedic surgeon provided by her employer suggested that

---

[5] The employer's characterization of claimant's physician's testimony as incompetent and incredible is baseless on this record.

she obtain general medical advice and treatment. There is also some indication that she went to the hospital in great pain, was examined in the emergency room and immediately admitted. The Board's reasonable acceptance of these facts supported its conclusions that the employer was liable under the law for those expenses.

### ORDER

And Now, to wit, this 23rd day of February, 1973, the order of the Compensation Board is affirmed; judgment is hereby entered in favor of Rose Roy, plaintiff, and against Mine Safety Appliance Co. and the Insurance Company of North America, defendants, for compensation at the rate of $60.00 per week beginning from July 13, 1970 and continuing for an indeterminate period in accordance with The Pennsylvania Workmen's Compensation Act, together with interest at the rate of six (6%) percent per annum on unpaid installments from the due date thereof; and the defendants are further directed to pay the following medical expenses:

Monsour Hospital ....................... $1476.45
Dr. Roy C. Monsour ................... 210.00