Rosenau Brothers, Incorporated, Appellant, *v.* Workmen's Compensation Appeal Board and Margaret Dantone, Appellees.

Argued September 12, 1973, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Bart E. Ecker,* with him *Laputka, Bayless, Ecker & Cohn, P. C.,* for appellant.

*Ettore S. Agolino,* for appellee.

OPINION BY JUDGE MENCER, October 31, 1973:

Margaret Dantone was a salaried employee with Rosenau Brothers, Incorporated (Rosenau) in the capacity of supervisor in the sewing department. Her duties consisted of teaching and supervising twenty to twenty-five sewing machine operators and supplying them with material with which to work. This latter task consisted of taking material from a storage room, where it was stored in containers know as tote boxes, and transporting it to her department, from which area it was distributed to the sewing machine operators.

On January 31, 1968, Mrs. Dantone was instructed by her supervisor to move two or three lots of a heavy material from her department to the shipping department. While moving this material from racks, approximately five feet high, Mrs. Dantone felt an extremely sharp pain above her waistline. She then ceased her work for the day and went home. Within a day of this event, Mrs. Dantone received medical attention from her physician. She never went back to work.

Mrs. Dantone filed a claim petition pursuant to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq. Compensation benefits were granted following a hearing before a referee. Rosenau then appealed to the Workmen's Com-

pensation Appeal Board (Board), which affirmed the findings, conclusions and award of the referee. Rosenau now appeals to this court.

The sole issue presented here is whether or not the Board erred in finding as a conclusion of law that Mrs. Dantone was totally disabled. Before deciding this issue, we must note our limited scope of review in this type of case.

When a claimant has been awarded compensation, our scope of review is limited to a determination as to whether there is substantial evidence to support the findings and conclusions of the Board. It is for the fact finder to determine questions of credibility and the weight to be given evidence. The party prevailing below is to be given the benefit of the most favorable inference deducible from the evidence. *See Duquesne Brewing Company v. Dyda,* 8 Pa. Commonwealth Ct. 531, 303 A. 2d 541 (1973).

Rosenau argues that the Board, in finding that Mrs. Dantone was totally disabled, disregarded substantial and competent evidence to the contrary. However, as we pointed out above, we must affirm the Board's finding if it is supported by substantial evidence, even if conflicting evidence is present.

Whether or not Mrs. Dantone was totally disabled was a question of fact. *Mine Safety Appliance Company v. Roy,* 7 Pa. Commonwealth Ct. 576, 300 A. 2d 839 (1973). This determination of total disability is one which requires, in addition to medical evidence, a consideration and weighing of such factors as *claimant's mental outlook,* her industrial background, her education, the occupation she could perform if her particular physical impairment would not be a total bar, and *whether such work exists.* (Emphasis added.) *See Pellegrino v. Baldwin-Lima-Hamilton Corporation,* 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972). In light of the above, we find that the record discloses that the

Board's finding of total disability is supported by substantial evidence.

Dr. Norina D'Iorio testified that Mrs. Dantone was unable to work if her duties required heavy lifting. Mrs. Dantone stated that her job required lifting tote boxes weighing as much as forty (40) pounds. She also testified that Dr. D'Iorio repeatedly told her she could not go back to work, without specifically mentioning any prohibition as to heavy lifting. Rosenau offered testimony from Mrs. Dantone's supervisor to the effect that no lifting was required of her. The conflict in testimony here was resolved by the referee in Mrs. Dantone's favor. As it is the province of the fact finder to decide such matters, we cannot substitute our determination for that of the referee.

Rosenau also offered testimony, which was not disputed, that Mrs. Dantone could have lifted her material in parts rather than all at once. From this Rosenau argues it follows that no heavy lifting was required of Mrs. Dantone. We do not agree.

The method Rosenau suggests may not be a realistic alternative in today's business world where there are frequent deadlines to meet. It is curious that the record does not disclose that Rosenau ever suggested this alternative prior to the hearing. To the contrary, there is testimony that at various times prior to her injury Rosenau directed another employee to specifically do Mrs. Dantone's heavy lifting. It is very unlikely that Rosenau would have done this if the alternative it now suggests was feasible or acceptable.

The record also reveals that, while Rosenau was willing to take Mrs. Dantone back as soon as she was "well enough," there is no indication that she would not be required to perform her usual duties. The record fails to disclose any arrangements by Rosenau, at this time, to free Mrs. Dantone of the lifting, and she

testified that she was never informed that she would be relieved of this duty if she would return to work.

In summary, we find that the record contains substantial evidence to support a conclusion by the Board that heavy lifting was included in Mrs. Dantone's duties with Rosenau, and that a job not requiring this lifting was never made available to her. This evidence, coupled with the testimony of Mrs. Dantone and her physician, was adequate to support the Board's finding of total disability.

For the above reasons, therefore, we issue the following

ORDER

AND Now, this 31st day of October, 1973, the Order of the Workmen's Compensation Appeal Board is affirmed. Accordingly, it is ordered that judgment be entered in favor of the claimant, Margaret Dantone, and against Rosenau Brothers, Incorporated for compensation for total disability to be computed at the rate of $52.50 per week for the period from February 1, 1968, to and including May 15, 1970, together with the amount of $80.00 for medical expenses, with interest at the rate of six percent (6%) per annum on the accrued amount, all within the terms of the Workmen's Compensation Act.