Frank M. Weaver Co. and Travelers Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Stella Puskoskie, Widow of Albert Puskoskie, Deceased, Appellees.

Argued July 31, 1974, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellants.

*Edward Rubin,* with him *Hamburg, Rubin & Mullin, P. C.* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Mencer, September 30, 1974:

This is an appeal by the Frank M. Weaver Company and its insurance carrier, Travelers Insurance Company (appellants), from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits pursuant to a fatal claim petition filed by Stella Puskoskie.

Stella Puskoskie alleged that she was entitled to benefits as the surviving widow of Albert Puskoskie under the appropriate provisions of The Pennsylvania Workmen's Compensation Act.[1]

It is undisputed that Albert Puskoskie suffered an accident while in the course of his employment on September 2, 1970, and that he died on October 23, 1970. The sole issue presented by this appeal is whether or not Albert Puskoskie's accident on September 2, 1970, caused his death.

Our scope of review in workmen's compensation cases in which the claimant has prevailed below is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973). Appellants contend that the referee's finding of causation between the accident and Puskoskie's death is not supported by substantial evidence. We do not agree.

The referee's finding in regard to causation is as follows: "4. On September 2, 1970, the decedent sustained an injury to his chest as well as his face. He had a blunt trauma of the chest wall with lung contusion. The decedent after the accident had difficulty breathing, had chest pain, had oxygen administered to him, was sluggish and rundown and had difficulty breathing while lying down. The chest trauma precipitated infection, or pneumonitis, which caused his death."

Our careful review of the record reveals that this finding is adequately supported by evidence in the record; most notably, the testimony of claimant's medical expert, Dr. Antonio J. L. Simoes.

---

[1] Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

It is true that appellants presented the testimony of their medical expert, Dr. James Dominic Cozzarelli, to the effect that Puskoskie's death was not caused by his accident. The conflict in medical testimony was resolved by the referee in favor of the claimant. As it is the province of the fact finder to weigh conflicting testimony and accept that which he finds most reliable, we cannot substitute our determination for that of the referee. *Rosenau Brothers, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 462, 311 A. 2d 160 (1973).

In conclusion, we find that the record contains substantial competent evidence to support the referee's finding that Albert Puskoskie's death was caused by his accident at work on September 2, 1970.

We, therefore, issue the following

### ORDER

AND Now, this 30th day of September, 1974, the affirmance by the Workmen's Compensation Appeal Board of the referee's order relative to the claim of Stella Puskoskie is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Stella Puskoskie and against Frank M. Weaver Company and the Travelers Insurance Company in the amount of $39 per week beginning October 23, 1970, and continuing for an indefinite period, and for the sum of $750 on account of the decedent's burial expenses, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.