Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jerry Butler *v.* Pacific Intermountain Express, Appellant.

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*David A. Ody,* with him *James N. Diefenderfer,* for appellees.

Opinion by Judge Mencer, October 20, 1977:

Pacific Intermountain Express (PIE) has appealed an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination that PIE should provide payment for all services rendered by Dr. Ronald J. Brozich to its employee, Jerry Butler.

After Butler sustained a back injury while in the course of his employment, he was advised by his supervisor to obtain medical services from any doctor. Butler chose to be treated by Dr. Brozich, a duly licensed doctor of chiropractic.

During Butler's third visit, Dr. Brozich explained that he had found a misalignment of the second vertebra. He recommended a 4-month course of treatment which would cost $1,150. At Butler's request, Dr. Brozich called PIE to explain the treatment and the fee, at which time he was apparently authorized to begin the program.

On August 24, 1973, after about a month of treatment, Dr. Brozich and Butler were suddenly informed that the employer would not accept responsibility for further services rendered by the chiropractor. Butler was advised that further treatment could be obtained only from among five designated physicians. Although he once saw one of the physicians, Butler nevertheless continued his course of treatment with Dr. Brozich.

Because PIE refused to pay for that part of Dr. Brozich's fee which concerned services rendered after August 24, 1973, Butler filed a petition claiming payment for services as provided in Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531.[1] After several hearings before a referee, at which Butler was unrepresented, a determination was made that PIE should pay Dr. Brozich's fee in its entirety. When PIE's appeal to the Board was dismissed, the employer appealed to this Court.

---

[1] Section 306(f) provides, in relevant part:

The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, unless at least five physicians shall have been designated by the employer or by the employer and the employe's representative by agreement, in which instances the employe shall select a physician from among those designated.

The only issue before this Court is whether PIE should provide payment for services rendered by a duly licensed chiropractor, chosen by an injured employee with PIE's initial approval, after PIE subsequently informs the employee that his choice must be restricted to among five designated physicians. We agree with the Board that PIE should pay for the services.

Our Supreme Court has recently determined that an employee's right to reasonable medical services is more fully protected if the choice as to the *kind* of treatment is left as much as possible with the employee. Thus, in *Workmen's Compensation Appeal Board v. Overmyer Mold Co.,* Pa. , 374 A.2d 689 (1977), the employer was required to pay a bill for services rendered by a doctor of chiropractic during a 3-month course of treatment for a lower back injury. Payment was ordered even though the claimant knew that certain physicians had been designated to treat injured employees and had been clearly warned that extended treatment by a chiropractor might not be paid for by the employer. The Court reasoned that under §306(f) an employee must choose a designated physician only if he chooses to be treated by a physician. When an employee prefers another kind of treatment, he may choose a duly licensed practitioner of the healing arts, such as a doctor of chiropractic, to render it.

The reasoning of *Overmyer* applies a fortiori to the instant case, where the employer accepted the treatment on the terms quoted by Dr. Brozich. PIE's subsequent instructions that Butler was no longer to obtain treatment from Dr. Brozich but rather was to seek medical services from among five designated physicians did not diminish Butler's right to receive the kind of treatment he desired.

Therefore, we make the following

## ORDER

AND Now, this 20th day of October, 1977, the appeal of Pacific Intermountain Express is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated June 26, 1975, is affirmed. Accordingly, Pacific Intermountain Express is directed to pay to Dr. Ronald J. Brozich the sum of $1,150 in payment of the services rendered the claimant, Jerry Butler.