518 A.2d 1316

Hilton Hotel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Totin), Respondents.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Ronald Ganassi, Will, Keisling, Ganassi & McCloskey,* for petitioner.

*Robert J. Fall,* for respondent, Roberta Totin.

OPINION BY JUDGE BARRY, December 19, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting medical payments to the claimant, Roberta Totin.

Claimant was employed as a maid by the petitioner/employer herein, Hilton Hotel Corporation. On November 12, 1981, she suffered a slip-and-fall injury while in the course and scope of her employment, and payments of compensation were initiated voluntarily pursuant to a Notice of Compensation Payable. On October 17, 1983, while still receiving disability payments, claimant filed a review petition[1] alleging the non-payment of "medical bills [incurred for services from] a doctor to whom [she] was referred by the company doctor."

In the course of proceedings which thereafter commenced before the referee, claimant and her husband appeared and testified. Claimant alleged that she had become severely depressed and suicidal. (*N.T.,* 12/7/83, at 11-12). Dr. Hughes, who had been treating claimant for her on-going back ailment (*id.* at 17), and Dr. Granowitz, who, like Dr. Hughes, had examined claimant at the request of the employer's insurance carrier

---

[1] Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §771.

*(id.* at 6, 13), both concurred in the opinion and advice that claimant seek psychiatric help. *(Id.).* Drs. Hughes and Granowitz apparently recommended that claimant seek such assistance at Western Psychiatric Hospital (Western) *(id.* at 7), and also suggested visiting Harmarville, a rehabilitation center, *(id.* at 18), but claimant and her husband decided to go to Northern Community Mental Health Center (Northern) because the latter facility was more convenient. *(Id.* at 7, 12).

Claimant thereupon commenced psychiatric evaluation and therapy for her mental ailment, and received medication for the same. When bills for this treatment were submitted to the insurance carrier, it refused to pay on the grounds that there was no nexus between the back injury and the depression. *(Id.* at 7-8).

In support of such a nexus, the claimant secured the deposition testimony of claimant's therapist, Geraldine Covert, a social worker skilled in assisting individuals with emotional problems. Ms. Covert testified, among other things, that claimant had told her that she felt that the depression came on after the back injury; when asked whether the depression stemmed from an earlier physical injury, however, counsel for the employer objected on the grounds that Ms. Covert was not competent to render the expert medical conclusion. *Covert Deposition* at 13. Claimant also attempted to submit a note from Dr. Hughes, but, upon the objection of employer's counsel, the document was excluded as hearsay. *(N.T.,* 12/7/83, at 8, 26). In addition, claimant attempted to submit a report letter co-signed by Ms. Covert and by claimant's psychiatrist at Northern, Dr. Freedman. The introduction of this document was, however, objected to as hearsay *(id.* at 26), and the referee sustained the objection. *Id.* At the conclusion of hearings the referee granted the petition, finding as facts that the original back strain "caused [claimant] to suffer major depression from September 13, 1983, to the present,"

*(Finding of Fact* No. 3), and that "[c]laimant sustained her burden of proof. Her evidence is accepted." *(Id.* No. 7). The Board affirmed, concluding that the report letter, the Covert deposition, and the lay testimony constituted "sufficient competent evidence" to support the referee's award. From that affirmance the employer has appealed.

Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence, and whether the referee committed an error of law or violated any constitutional rights. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook),* 82 Pa. Commonwealth Ct. 596, 476 A.2d 989 (1984). *And see Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Petitioner maintains that there is no admitted medical evidence to support the referee's award. In contrast, respondent argues—and posits as the only issue—that the employer "should be estopped from denying payment of claimant's medical expenses which were determined to be reasonable and necessary by medical personnel chosen by the employer."

1. *Petitioner's Allegation: Lack of Unequivocal Medical Testimony*

With regard to petitioner's argument, we are in agreement that the employer successfully and effectively objected to the introduction of the documents signed by Dr. Hughes and by Dr. Freedman and Ms. Covert. That the petition is one seeking only *medical* payments allegedly stemming from the acknowledged original injury, rather than for *disability* benefits due to the original injury itself, is not relevant in considering the admissibility of hearsay evidence. *See City of Pittsburgh v. Workmen's Compensation Appeal Board,* 12

Pa. Commonwealth Ct. 246, 315 A.2d 901 (1974). We must, then, conclude that these documents, though included in the record before us[2] and, indeed, relied upon by the Board, were so included and relied upon improperly.

The issue, then, is whether the lay testimony of claimant and her husband regarding their belief as to the cause of the depression, along with the non-expert testimony of her therapist, is sufficient to support an award of medical benefits. Such testimony is sufficient, of course "where the claim is for [an] . . . injury which immediately manifests itself while [a] [c]laimant is in the act of doing the kind of work which can cause such an injury[.]" *Davis v. Workmen's Compensation Appeal Board (United Parcel Service)*, 92 Pa. Commonwealth Ct. 294, 296, 499 A.2d 703, 705 (1985). Where, however, there is no obvious causal relationship between the injury giving rise to the medical expenses claimed and the accident or other catalyzing injury giving rise to the original disability, "unequivocal medical testimony [is] required to prove causation." *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 22 Pa. Commonwealth Ct. 437, 439, 349 A.2d 529, 530 (1976) (ultimately holding that involved injury was so "immediately and directly, or naturally and probably, the result of an accident . . . [that] the factfinder [was] not required to depend alone, or at all, upon medical testimony to find the causal connection."). *See also Zoltak v. Keystone-Harmony Dairy*, 47 Pa. Commonwealth Ct. 378, 379, 408 A.2d 198, 199 (1979).

We believe that in a case such as this unequivocal medical testimony is necessary to demonstrate causa-

---

[2] We cannot account for the inclusion of these documents in the record. Counsel for the employer did not, as far as the record will reveal, at any time withdraw his sustained objections.

tion. It is manifest, we believe, that psychological disorders such as suicidal tendencies and depression are not the "immediate and direct" or "natural and probable" consequences of a lumbosacral strain. *Compare generally Kitchen v. Workmen's Compensation Appeal Board,* 73 Pa. Commonwealth Ct. 289, 294, 458 A.2d 631, 634 (1983) (where disability is alleged to be due to work-related mental stimulus, injury must be proven by unequivocal medical evidence adequately pinpointing the cause).[3] We note also that the fact that the present claim is for medical expenses rather than monies for loss of earning power is irrelevant;[4] employers are, under the Act, liable for injuries arising in the course of employment and related thereto,[5] and

---

[3] Ms. Covert, we note, in non-objected-to portions of her testimony, did not rely on a "direct and probable result" theory in reaching her own conclusion as to the cause of the depression, but only recounted that this was claimant's own belief *(Covert Deposition* at 14), and that claimant conveyed to her no other "external cause to account for how she was feeling." *(Id.)* Significantly, Ms. Covert, commenting upon the literature in her field of endeavor, stated that "there are many more people suffering from difficulties with depression, not just psychological problems but from depression than there are people with alcohol problems in this country." *(Id.* at 19).

We note that our analysis would be different were the employer bringing a termination petition and the claimant maintained that she was still disabled due to an emotional ailment stemming from the original injury. In such a case, the burden would be on the employer to show the lack of work-related causation. *See Unity Builders, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 527, 531, 413 A.2d 40, 43 (1980). *And see Mialka v. F.W. Woolworth Co.,* 19 Pa. Commonwealth Ct. 413, 416, 338 A.2d 784, 786 (1975). In the present case, of course, the claimant had the burden of proof to show the relation between her medical bills and the original injury. The employer in the present case has *never* alleged that disability due to the original injury has terminated.

[4] *Compare Bethlehem Mines,* 22 Pa. Commonwealth Ct. at 437, 439, 349 A.2d at 530.

[5] Section 301(c) of the Act, 77 P.S. 411(1).

where new, seemingly unrelated, "non-natural and non-probable" symptoms develop, allegedly stemming from such injuries, unequivocal medical testimony is required to establish the nexus.[6] Such testimony is lacking, and claimant thus failed to satisfy the requisite burden of proof.

## 2. *Respondent's Argument: "Estoppel" To Deny Payments*

We turn, then, to the claimant's assertion that the "employer should be estopped from denying payment of claimant's medical expenses which were determined to be reasonable and necessary by medical personnel chosen by the employer." This was neither (1) the articulat-

---

[6] Claimant maintains that unequivocal medical evidence is not needed, arguing that in *Halaski v. Hilton Hotel Corp.*, 487 Pa. 313, 409 A.2d 367 (1979), the Supreme Court "rejected the strict medical evidence standard that the Employer is now asserting." *Brief for Respondent* at 6. The *Halaski* Court, however, only relieved the claimant of the "unequivocal medical testimony" burden in the instance where claimant's expert was unable to definitely state which of two injuries, both suffered at work, caused a disability-causing compressed fracture. The Court reasoned as follows:

> [A]lthough medical evidence could not identify with certainty which of the two injuries produced the subsequent [disability], it is clear that one or the other, or possibly a combination of the two, was responsible.
>
> In conclusion, since the medical testimony unequivocably established that the disability flowed from one of the two compensable injuries, we cannot accept the result that the claim must fail because of the claimant's inability to unequivocably establish which injury was the cause.

487 Pa. at 320, 409 A.2d at 370. The disparity between *Halaski* and the present case cannot be overstated. Here the ailment is of a wholly different nature than the original injury, and, while such emotional injuries may well stem from physical disabilities and hence be compensable, the etiologies of emotional injuries vary and must be proved with unequivocal medical testimony.

ed basis of the claimant's case in the course of the hearings; (2) the basis of the referee's decision; nor (3) the basis of the Board's decision. Still, this theory was implicitly expressed in the original claim petition, testimony was adduced to this effect, and we will thus address the issue.

In *Mine Safety Appliance Co. v. Workmen's Compensation Appeal Board,* 7 Pa. Commonwealth Ct. 576, 579, 300 A.2d 839, 841 (1973), this Court made clear that an employer may be liable for medical expenses "when the claimant ha[s] been authorized by the employer to obtain [such] services." *Id. See also Workmen's Compensation Appeal Board v. Overmeyer Mold Co.,* 20 Pa. Commonwealth Ct. 456, 460, 342 A.2d 439, 441 (1975) ("if the employer or the physician chosen from those designated should authorize . . . other services [provided for under Act] they will be reimbursed."), *vacated on other grounds,* 473 Pa. 369, 374 A.2d 689 (1977). *See also id.* at 377, 374 A.2d at 692 (POMEROY, J., concurring):

> There is nothing in the language or purpose of section 306(f) . . . which can reasonably be construed as precluding an employee who consults one of the employer's designated physicians from seeking the services of another practitioner of the healing arts in the event that the consulted physician tells the injured employee that he[,] the doctor[,] is unable to help him.

*Id. And see Workmen's Compensation Appeal Board v. Pacific Intermountain Express,* 32 Pa. Commonwealth Ct. 216, 219, 378 A.2d 1035, 1036 (1977) (where (1) employer first authorized chiropractic treatments, (2) claimant initiated such treatments, and (3) employer *subsequently* informed employee that choice had to be among five designated physicians, *held:* such subsequent instruction "did not diminish [claimant's] right to receive the kind of treatment he desired.").

The foregoing exposition of the law, as we are satisfied, supports the proposition that once an employer-approved physician recommends other reasonable surgical and medical services, they are to be reimbursed. Resolution of this case in light of the foregoing principle is, however, beyond our power, given the total absence of any findings on the issue. We will thus remand this case for such resolution. We are of the view, further, that the record should not be reopened, as claimant advanced this theory during the original hearing and had an opportunity at that time to adduce proof.

Reversed and Remanded.

ORDER

Now, December 19th, 1986, the Order of the Workmen's Compensation Appeal Board, No. A-89197, dated October 4, 1985, is hereby reversed and remanded.

Jurisdiction relinquished.