576 A.2d 421

**Donna BUCZYNSKI, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(RICHARDSON–VICKS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 2, 1990.

Decided June 22, 1990.

Terry L. Bashline, Pittsburgh, for petitioner.

Dale A. Cable, Fried, Kane, Walters & Zuschlag, Pittsburgh, for respondent, Richardson–Vicks, Inc.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

Before us for consideration is a petition for review of an order of the Workmen's Compensation Appeal Board (Board) filed by Donna Buczynski. The Board by its order affirmed a referee's decision which granted a termination petition filed by Buczynski's employer, Richardson–Vicks, Inc., and disallowed psychiatric expenses incurred by Buczynski. We affirm.

Buczynski suffered a "cervical whiplash" injury on October 31, 1983 as a result of an automobile accident which occurred during the course of her employment as a sales representative for Richardson–Vicks. She received compensation for temporary total disability dating from November 1, 1983. Richardson–Vicks filed a petition for termination of compensation on May 22, 1985 which alleged that Buczynski's work-related disability had ceased as of May 20, 1985.[1] A hearing was held before a referee at which Buczynski testified, and both parties later submitted expert medical testimony by deposition. Buczynski also submitted various unpaid medical expenses, including bills for psychiatric treatment.

Buczynski testified that she suffered constant neck pain, but admitted on cross-examination that she had been treated for neck complaints beginning in 1981. (N.T. 6/11/85 at 17). Dr. Bertrand L. Stolzer also testified on Buczynski's behalf. Dr. Stolzer, who is board certified in internal medicine and rheumatology, testified via deposition that he began treating Buczynski for like neck symptoms prior to October 31, 1983, and that the injury suffered on that date aggravated her condition.

Richardson–Vicks presented the deposition testimony of Dr. Norman Minde, a specialist in occupational medicine. Dr. Minde testified that Buczynski had recovered from her October 31, 1983 injuries as of May 13, 1985 and that she was physically capable of returning to her preinjury job. (N.T. 7/1/85 at 20). Although Dr. Minde placed restrictions on the amount of weight Buczynski could lift, he testified that these restrictions were based upon her size, age and muscle build, as well as her preinjury neck complaint, and were in no way related to the October 31, 1983 injury. (N.T. 7/1/85 at 20–21).

1. As noted *infra,* the referee found that Buczynski's work-related disability had ceased as of May 13, 1985 based upon the medical testimony submitted by Richardson–Vicks, and not as of the May 20, 1985 date alleged in the termination petition.

Based upon this testimony, the referee found that Buczynski's disability resulting from the October 31, 1983 injury had ceased as of May 13, 1985 and that she was able to return to work with no loss of earning power. He further found that any disability subsequent to May 13, 1985 was related to conditions which preexisted the October 31, 1983 injury, and concluded as a matter of law that Richardson–Vicks had met its burden of showing that disability relating to that injury had ceased. Also, psychiatric expenses claimed by Buczynski were disallowed. Buczynski appealed to the Board which affirmed.

Before this Court, Buczynski first contends that the referee's finding that she had recovered from her work-related injury is not supported by substantial evidence. It is well-settled that the referee's function in a workmen's compensation case is to weigh the evidence and resolve conflicting testimony. In performing this function, the referee may accept or reject the testimony of any witness in whole or in part, including that of a medical witness. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)* 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). In the instant case, it is clear from the referee's findings that he accepted the testimony of Dr. Mind over that of Dr. Stolzer. Based upon our review of the record, we conclude that Dr. Minde's testimony constitutes substantial evidence upon which the referee could base his finding that Buczynski had recovered from her work-related injury as of May 13, 1985.

Buczynski's second contention is that the referee and the Board improperly placed the burden under the instant termination petition upon her, rather than upon Richardson–Vicks, to prove that her psychiatric injuries were related to her work injury. This contention misstates the posture of this case. It is true that in a termination proceeding the burden is on the employer to show a lack of work-related causation where the claimant maintains that she remains disabled due to an emotional ailment which stems from the original injury. *See Unity Builders, Inc. v.*

*Workmen's Compensation Appeal Board,* 50 Pa.Commonwealth Ct. 527, 413 A.2d 40 (1980). However, we are not faced with that situation in the instant case. Rather, Buczynski alleges that her *physical* disability from her work-related injury has not ceased, and that she incurred *psychiatric expenses* (treatment for depression) due to that injury which her employer should reimburse.

We addressed the relationship between psychological disorders, such as depression, and injuries such as that suffered here by Buczynski in *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin),* 102 Pa.Commonwealth Ct. 528, 518 A.2d 1316 (1986). In that decision, which involved a petition to recover unpaid psychiatric medical expenses allegedly incurred as a result of a work-related injury, we stated that "[i]t is manifest ... that psychological disorders such as ... depression are not the 'immediate and direct' or 'natural and probable' consequences of a [back] strain," *id.,* 102 Pa.Commonwealth Ct. at 533, 518 A.2d at 1319, and concluded that in such a case where there is no "obvious causal relationship" between the condition giving rise to the medical expenses claimed and the injury giving rise to the original disability, "unequivocal medical testimony" is necessary to demonstrate causation. *Id.,* 102 Pa.Commonwealth Ct. at 532–33, 518 A.2d at 1318.

Therefore, because in the instant case Buczynski's claim was for medical expenses arising from her depression, a psychiatric condition which has no "obvious causal relationship" to the type of injury giving rise to her original disability, the burden, as the Board correctly pointed out in its opinion, was upon Buczynski to show by "unequivocal medical testimony" that such expenses were related to her original injury. It is clear from the record that she failed to carry this burden.

Accordingly, based on the above, the Board's order is affirmed.

## ORDER

NOW, June 22, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.