596 A.2d 306

**Antonio ROBINSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(T.G.I. FRIDAYS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1991.

Decided Aug. 2, 1991.

Elias B. Landau, Philadelphia, for petitioner.

Robert W. Price, Philadelphia, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Antonio Robinson (Robinson) petitions for review of the order of the Workmen's Compensation Appeal Board (Board), dated July 31, 1990, which affirmed the referee's decision granting suspension of compensation and ordering continuing payment of medical expenses.

Robinson was employed at T.G.I. Friday's (employer) as a saute cook when he fell and sustained a cut to the right hand on December 29, 1983. The employer paid compensa-

tion and thereafter filed a Suspension Petition alleging that Robinson recovered from his injury as of February 1, 1985.

A hearing was held July 19, 1988, at which the employer and Robinson each presented the testimony of two physicians. There was no dispute among the physicians that Robinson suffered permanent nerve damage to the right wrist. The physicians differed as to whether a psychiatric injury occurred. Dr. DeSilverio, a witness for the employer, opined that Robinson has no psychiatric disorder which could be attributed to the accident of December 29, 1983 and that there is no psychiatric basis that would render Robinson incapable of gainful employment. Dr. Ingui, Robinson's witness, opined that Robinson is suffering from a psychiatric disorder known as post-traumatic stress disorder and that it is related to his work injury.

In addition to the above, the employer presented testimony that positions were available for Robinson within his physical restrictions and that he was offered a position as a host. Robinson further testified that he can work.

The referee, by decision dated December 5, 1988, found the testimony of the physicians that Robinson suffered nerve damage, as well as Dr. DeSilverio's testimony regarding psychiatric injury, to be credible. The referee did not accept the testimony of Dr. Ingui that Robinson is suffering a psychiatric disorder as a result of his work-related injury. The referee found that Robinson had partially recovered from his work-related injury as of February 1, 1985 and that he was capable of returning to alternative employment as a host. Accordingly, the Suspension Petition was granted and the employer was ordered to continue to pay Robinson's medical expenses for his hand and wrist.

Robinson appealed to the Board, alleging that the referee's suspension of compensation was not supported by the evidence and that the referee erred in accepting the testimony of the employer's witnesses. Upon review of the record, the Board affirmed the referee's decision by order dated July 31, 1990.

Robinson argues here that he sustained his burden of proof to recover compensation for a psychiatric injury, namely that he has proven by objective evidence that he has suffered a psychiatric injury and that the injury is other than a subjective reaction to normal working conditions. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 96 Pa. Commonwealth Ct. 613, 508 A.2d 624 (1986).

■ Our scope of review is limited to determining whether an error of law was committed or constitutional rights were violated, and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa. Commonwealth Ct. 292, 572 A.2d 845 (1990).

■ Robinson argues that the referee erred in rejecting the testimony of Dr. Ingui that the psychiatric disorder from which Robinson suffers is causally related to the injury of December 29, 1983. The referee's function in a workmen's compensation case is to weigh the evidence and resolve conflicting testimony; in performing this function, the referee may accept or reject the testimony of any witness in whole or in part, including that of a medical witness. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa. Commonwealth Ct. 532, 576 A.2d 421 (1990).

■ Dr. DeSilverio testified on behalf of the employer. Dr. DeSilverio testified that he conducted a psychiatric examination of Robinson and that it was his opinion that Robinson manifests no psychiatric disorder which could be attributed to the accident of December 29, 1983. The referee accepted Dr. DeSilverio's testimony as credible. We affirm.

We next address the employer's request for counsel fees. The employer argues that it is entitled to reasonable counsel fees because Robinson simply reiterates before this Court the claim that was presented before the referee and the Board, namely that he suffers a psychiatric injury as a

result of his work-related injury. The employer contends that Robinson has offered no allegations or proof that the referee abused his discretion or that the Board inappropriately affirmed the referee's decision.

Pa.R.A.P. 2744(1) permits an appellate court to impose an award of reasonable counsel fees against a party when the court determines the appeal is frivolous or taken solely for delay. We decline to impose such an award against Robinson in the present matter. Section 481 of The Pennsylvania Workmen's Compensation Act[1] provides that recovery from the employer for injuries sustained by an employee falls exclusively under the Act. In view of the Act's replacement of an employee's right to sue the employer, a great deal of liberality is given to the employee to establish his or her claim. In the present case, Robinson presented, inter alia, the testimony of two expert witnesses in support of his claim. The referee and the Board rejected his claim of psychiatric injury, and it cannot be said that his appeal of that determination is frivolous.

Accordingly, we affirm the Workmen's Compensation Appeal Board.

## ORDER

AND NOW, this 2nd day of August, 1991, the order of the Workmen's Compensation Appeal Board, dated July 31, 1990, is affirmed and the respondents' request for counsel fees is denied.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 481.